UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE DUVAL,

        Plaintiff,

    - against -

VIRGINIA ALBIZU,

        Defendant,

COMMISSIONER OF INTERNAL REVENUE
    And named as an indispensable Party

NEW YORK STATE DEPARTMENT OF
TAXATION
    And named as an indispensable Party

------------------------------------------------------------X

ORDER

08 Civ. 6309 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        Plaintiff Jose Duval has brought this action alleging that an equitable distribution contract that he signed in the context of a divorce proceeding is imposing an unreasonable hardship on him in violation of his Eighth Amendment right against cruel and unusual punishment.[1]  Duval further alleges that the state court's award of attorney's fees against him violates his First Amendment rights

---

[1] The Eighth Amendment claim is patently frivolous. Such a claim can only be brought against the Executive's imposition of a punishment. Plaintiff does not allege that the State has imposed any punishment on him.

and that the distribution contract threatens to deprive him of his domestic partner in contravention of his due process rights under the Fifth and Fourteenth Amendments.[2]

This action is barred by the Rooker-Feldman doctrine, which acknowledges that "Congress's grant to federal district courts of jurisdiction to entertain suits raising federal questions . . . 'is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to th[e United States Supreme] Court.'"[3] Thus, "federal district courts do not have jurisdiction over claims that have already been decided, or that are 'inextricably intertwined' with issues that have already been decided, by a state court."[4] Duval argues that this Court has jurisdiction because the Internal Revenue Service (the "IRS") is an indispensable party and cannot be forced to appear in state court.[5] However, Duval's Complaint reveals that the only relationship between the IRS and the underlying dispute is Duval's

---

[2]  The First, Fifth, and Fourteenth Amendment claims all relate to the constitutionality of a decision of a state court.

[3]  *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004) (citations omitted). *See generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

[4]  *Mitchell*, 377 F.3d at 165 (quoting *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29 (2d Cir. 2003) (*per curiam*)).

[5]  *See* Memorandum of Law at 1-2.

substantial federal tax liability. The IRS is not a party to the underlying domestic dispute and has no specific interest in the dispute other than its general interest in the payment of income taxes.

        Duval asks for relief from an Order issued by the courts of New York State. This Court lacks jurisdiction to award such relief. Duval's avenue for review of an unjust or even unconstitutional state court decision is the New York courts' appellate process, and, if that is unsuccessful, a petition of certiorari to the United States Supreme Court. The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
            July 17, 2008

## - Appearances -

**For Plaintiff:**

Phillip Jaffe, Esq.
370 E. 76th Street #C1002
New York, NY 10021
(212) 734-3535

**For Defendant:**

Michael L. Paikin, Esq.
551 Fifth Avenue
New York, NY 10017
(212) 682-9090